UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

OREADER CALLAWAY,  :
:
        Plaintiff,  :      Civ. No. 13-2296 (RBK) (JS)
:
    v.  :      **MEMORANDUM AND ORDER**
:
CUMBERLAND COUNTY JAIL, et al.,  :
:
        Defendants.  :
_____  :

    Plaintiff is a pretrial detainee currently detained at the Cumberland County Jail in Bridgeton, New Jersey. He is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

    Plaintiff names three defendants in his amended complaint; (1) Cumberland County Jail; (2) Corizon Health Care; and (3) Dr. Lawrence Wynn. The Cumberland County Jail is not a proper defendant in this case as the jail is not a "person" subject to suit under § 1983. *See Parrish v. Ocean Cnty. Jail*, No. 13-2020, 2013 WL 5554687, at *2 (D.N.J. Sept. 20, 2013) (finding that Ocean County Jail is not a person subject to suit under 42 U.S.C. § 1983) (citations omitted); *Ross v. Burlington Cnty. Jail*, No. 12-338, 2013 WL 3514191, at *2 (D.N.J. July 11, 2013) (dismissing claims against jail with prejudice as it is not a person subject to § 1983 liability) (citations omitted); *Ruiz v. Stills*, No. 09-4259, 2012 WL 762166, at *4 (D.N.J. Mar. 7, 2012) (dismissing Cumberland County Jail from lawsuit because it is not a person subject to § 1983 liability) (citations omitted). Accordingly, the claims against the Cumberland County Jail will be

dismissed with prejudice as any potential amendment as to this particular defendant would be futile.

The Court will permit plaintiff's claims against Corizon Health Care and Dr. Wynn to proceed past screening. The amended complaint does not merely allege a disagreement with the medical treatment plaintiff is receiving at the Cumberland County Jail which would be insufficient to state a § 1983 claim. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (per curiam) (stating that complaint that alleges physician was negligent in diagnosing and treating a medical condition does not state a valid claim of medical mistreatment under § 1983 and that mere disagreement as to proper medical treatment does not support a § 1983 claim of inadequate medical care). Instead, plaintiff alleges that there is a policy in place at the prison such that the prison does not provide rehabilitation narcotic pain medication or MRIs to inmates. *See, e.g.*, *Dickerson v. SCI Graterford*, 453 F. App'x 134, 137 (3d Cir. 2011) (noting plaintiff needed to allege facts to demonstrate a policy on the part of the prison health care services to deny medical care) (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003)); *Giamboi v. Prison Health Servs., Inc.*, No. 11-0159, 2011 WL 5322769, at *11 (M.D. Pa. June 2, 2011) (finding plaintiff had stated a claim where he alleged a custom or policy to provide the least amount of medical care possible and to not order MRIs even in situations in which there are clinical symptoms which are not explained by other tests such as X-rays), *report and recommendation adopted by*, 2011 WL 5244507 (M.D. Pa. Nov. 2, 2011). The Court finds that while sparse, the allegations in the complaint allege a policy such that the complaint will be permitted to proceed past screening with respect to Dr. Wynn and Corizon Health Care.

Accordingly, IT IS on this   26th,   day of   September,  2014,

ORDERED that plaintiff's claims against the Cumberland County Jail are dismissed with prejudice for failure to state a claim upon which relief may be granted; and it is further

ORDERED that plaintiff's claims against Corizon Health Care and Dr. Lawrence Wynn are permitted to proceed; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue a summons and the U.S. Marshal shall serve the summons and copies of the amended complaint and this Opinion and Order upon defendants Corizon Health Care and Dr. Lawrence Wynn, with all costs advanced by the United States; and it is further

ORDERED that pursuant to 42 U.S.C. § 1997e(g)(2) defendants Corizon Health Care and Wynn shall file and serve a responsive pleading within the time specified by FED. R. CIV. P. 12; and it is further

ORDERED that the Clerk shall serve the Opinion and Order on plaintiff by regular U.S. Mail.

                                                              s/Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge