**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| OREADER CALLAWAY, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 13-2296 (RBK) (JS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DR. WYNN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff is a pretrial detainee incarcerated at the Cumberland County Jail in Bridgeton,

New Jersey.  He is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42

U.S.C. § 1983.  Presently pending before the Court is defendants', Dr. Lawrence Wynn and

Corizon Health Care, motion to dismiss the complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6).  For the following reasons, the motion to dismiss will be granted.

## II.      BACKGROUND

Plaintiff filed an amended complaint in 2014.  The amended complaint named three

defendants:  (1) Cumberland County Jail; (2) Corizon; and (3) Dr. Wynn.  In September, 2014,

this Court screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A

to determine whether it stated a claim upon which relief could be granted.  The Court dismissed

the complaint as to the Cumberland County Jail because it was not a person subject to suit under

§ 1983.  (*See* Dkt. No. 8 at p. 1-2.)  However, the Court permitted plaintiff's claims against

Corizon and Dr. Wynn to proceed past screening.

Plaintiff asserted in the amended complaint that he entered the Cumberland County Jail in August 2012.  He had continued chronic pain to his right shoulder due to an injury he sustained when he was arrested in June, 2012.  He claimed that there was a policy in place at the prison such that the prison did not provide rehabilitation narcotic pain medication or MRIs to inmates.  Based on these allegations, the Court found that plaintiff had properly stated a claim to permit the complaint to proceed past screening as to Corizon and Dr. Wynn.  (*See id.* at p. 2.)

In November, 2014, defendants Corizon and Dr. Wynn filed a motion to dismiss.  They argue that plaintiff's amended complaint is barred by *res judicata.*  The defendants assert that plaintiff's claims are based on the same operative facts and occurrences as were his claims against them in a state court action that was decided against plaintiff on the merits.

### III.    LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss an action for failure to state a claim upon which relief may be granted.  In evaluating a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV.   DISCUSSION

A.  <u>Res Judicata</u>

As stated above, defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) and

argue that res judicata, or claim preclusion, warrants dismissal of the complaint.  The defense of

res judicata/claim preclusion, "may be raised and adjudicated on a motion to dismiss and the

court can take judicial notice of all facts necessary for the decision." *Toscano v. Connecticut*

*Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (per curiam) (citing *Connelly Found. v.*

*Sch. Dist. of Haverford Twp.*, 461 F.2d 495, 496 (3d Cir. 1972)).  Thus, "a court may take

judicial notice of the record from a previous court proceeding between the parties." *Id.* (citing

*Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988)).

However, defendants still have the burden of proving that res judicata applies. *See id.* (citing

*Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 158 (3d Cir. 2001)).

Res judicata, or claim preclusion, bars a subsequent suit where there has been "(1) a final

judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or

their privies." *E.E.O.C. v. U.S Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990) (citations omitted);

*see also Marmon Coal Co. v. Dir., Office of Workers' Compensation Programs*, 726 F.3d 387,

394 (3d Cir. 2013).  "'The doctrine of res judicata bars not only claims that were brought in a

previous action, but also claims that could have been brought." *Id.* (quoting *Duhaney v. Att'y*

*Gen.*, 621 F.3d 340, 347 (3d Cir. 2010)); *see also Frame v. Lowe*, No. 09-2673, 2010 WL

503024, at \*6 (D.N.J. Feb. 8, 2010) ("The [res judicata] defense prevents litigation on grounds

for recovery that were previously available, even if not asserted.") (citing *Brown v. Felsen*, 442

U.S. 127, 131 (1979)).  "'[A] federal court must give to a state court judgment the same

preclusive effect as would be given that judgment under the law of the State in which the

3

judgment was rendered.'"  *Balthazar v. Atlantic City Med. Ctr.*, 137 F. App'x 482, 488 (3d Cir.

2005) (quoting *Walker v. Horn*, 385 F.3d 321, 337 (3d Cir. 2004) (quoting *Migra v. Warrant*

*City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984))) (remaining citation omitted).  Res judicata

"encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to

resolve other disputes."  *Brown*, 442 U.S. at 131.

Determining whether a subsequent suit involves the same claim "does not depend on the

specific legal theory invoked, but rather 'the essential similarity of the underlying events giving

rise to the various legal claims.'"  *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d

Cir. 2009) (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982)).  In making

this determination, a court focuses on "'[1] whether the acts complained of were the same, [2]

whether the material facts alleged in each suit were the same, and [3] whether the witnesses and

documentation required to prove such allegations were the same.'"  *Id.* (quoting *United States v.*

*Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)).

B.  State Court Action

Plaintiff's state court action named Corizon and Dr. Wynn as defendants.  In the state

court complaint, plaintiff asserted that he was transferred to Cumberland County Jail on August

27, 2012.  Prior to this transfer, plaintiff was being treated for a right shoulder injury.  Plaintiff

was seen by Dr. Wynn and was told that no x-rays or MRIs would be administered nor would he

be given the proper pain medication.  Plaintiff stated that he suffered pain daily because Corizon

does not allow pain medication such that he is unable to received adequate medical care.

Defendants Dr. Wynn and Corizon separately moved for summary judgment.  (*See* Dkt. No. 14-2

at p. 1-2.)

Dr. Wynn moved for summary judgment in state court on the basis that plaintiff had failed to submit an Affidavit of Merit.  (*See* Dkt. No. 14-3.)  The Superior Court granted Dr. Wynn's motion for summary judgment on April 25, 2014.  (*See* Dkt. No. 14-4.)

Corizon also moved for summary judgment on the basis that plaintiff had failed to present a prima facie case of medical malpractice.  (*See* Dkt. No. 14-5.)  The Superior Court granted that motion for summary judgment on October 10, 2014.  (*See* Dkt. No. 14-6.)

C.  Analysis

Defendants' motion to dismiss shall be granted based on res judicata.  First, the same parties exist between plaintiff's state court action and this case as he named both Corizon and Dr. Wynn as defendants in both actions.

Additionally, there were final decisions on the merits in plaintiff's state law case against these two defendants.  The Superior Court's grant of Dr. Wynn's motion for summary judgment was based on plaintiff's failure to submit an Affidavit of Merit.  This constitutes a decision on the merits for res judicata purposes. *See Balthazar*, 137 F. App'x at 489.  Additionally, the Superior Court granted summary judgment in favor of Corizon on the merits as Corizon's motion argued that plaintiff had failed to show a prima facie case of medical malpractice.  Thus, this prong of the res judicata analysis has been established by the defendants.

Finally, plaintiff's federal complaint involves the "same claim" for purposes of res judicata.  In this federal case, the acts complained of were the same as plaintiff's state case; specifically, the treatment, or lack thereof plaintiff received from Dr. Wynn and Corizon for his shoulder injury upon his transfer to Cumberland County Jail in August, 2012.  The material facts alleged were the same and plaintiff's federal complaint "grow[s] out of the same transaction or occurrence as the claim in the [Superior Court case]." *Balthazar*, 137 F. App'x at 489.  Plaintiff

could have brought the claims raised in his federal complaint in his state court action.  *See*

*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3d Cir. 2001) ("State courts have concurrent

jurisdiction over § 1983 cases.") (citing *Howlett v. Rose*, 496 U.S. 356, 358 (1990)); *see also*

*Raab v. Borough of Avalon*, No. 11-3831, 2013 WL 6983381, at *6 (D.N.J. Dec. 30, 2013)

("Plaintiff's Fourteenth Amendment claim rests upon no new facts, but instead, relies on facts

identical to those previously asserted in the state court action.  Therefore, the Fourteenth

Amendment claim is no new claim at all, but rather constitutes a claim that could have been

brought, and a claim to which res judicata effects a bar.") (internal quotation marks and citations

omitted); *Muller v. St. Joseph's Med. Ctr.*, No. 08-0825, 2009 WL 961259, at *3 (D.N.J. Apr. 7,

2009) ("Plaintiff's federal claims clearly 'grow out of the same transaction or occurrence' as his

claims in the state court action.  Plaintiff's state court malpractice claims arose out of his

commitment to and treatment at the St. Joseph's Medical Center and Harbor House facilities.

His federal claims, while not expressly grounded in malpractice, are nonetheless based on the

same set of facts, and should have been raised in the state court action.")

Accordingly, defendants have established all three elements of res judicata such that their

motion to dismiss will be granted.

### V.    CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the amended complaint

pursuant to res judicata will be granted.  An appropriate order will be entered.


DATED:  May 28, 2015

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

6